IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUANITA CLARK                                                                                    PLAINTIFF

vs.                                     Civil No. 1:15-cv-01045

CAROLYN COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Juanita Clark ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Income Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation.  The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.     Background:**

Plaintiff's application for DIB was filed on November 13, 2012.  (Tr. 16).  Plaintiff alleged she was disabled due to lung cancer.  (Tr. 196).  Plaintiff alleged an onset date of June 1, 2012.  (Tr. 16).  This application was denied initially and again upon reconsideration.  (Tr. 84-115).  Thereafter, Plaintiff requested an administrative hearing on her application and this hearing request was granted.  (Tr. 150).

Plaintiff had an administrative hearing on May 1, 2014. (Tr. 40-83). Plaintiff was present and was represented by counsel, Michael Ray, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-eight (48) years old, had graduated from high school and completed three years of college. (Tr. 44).

On September 11, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 16-26). In this decision, the ALJ determined the Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 18, Finding 1). The ALJ also determined Plaintiff had engaged in Substantial Gainful Activity ("SGA") from June 1, 2012 through August 18, 2012, but there had been for a continuous 12 month period where Plaintiff had not engaged SGA. (Tr. 18, Finding 2, 3).

The ALJ determined Plaintiff had the severe impairments of chronic obstructive pulmonary disease (COPD), lung cancer, and neuropathy. (Tr. 18, Finding 4). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 5).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-24). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform less than the full range of sedentary work; can occasionally stoop, crawl, bend, kneel, or balance; can perform frequent fingering/handling regarding the dominant upper extremities for peddles and controls; requires a stand option for ten minutes, after sitting for more than one hour, in her immediate workplace area with no disruption of the work process; requires a controlled environment with no extreme temperatures; and can perform simple, routine, repetitive tasks with

supervision that is simple, direct, and concrete. *Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 7). The ALJ found Plaintiff unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 25, Finding 11). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a document preparer with approximately 9,400 such jobs in the region and approximately 93,200 in the nation and order clerk with approximately 11,270 such jobs in the region and approximately 105,920 in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from September 11, 2012, through the date of the decision. (Tr. 26, Finding 12).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 11-12). *See* 20 C.F.R. § 404.968. On May 2, 2015, the Appeals Council declined to review this unfavorable decision. (Tr. 1-6). On June 30, 2015, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to properly consider Plaintiff's complaints of pain, (B) in failing to consider Plaintiff's impairments in combination, and (C) in the weight given the opinions of Plaintiff's physician. ECF No. 10, Pgs. 2-9. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11.

**A. ALJ's Credibility Determination**

Plaintiff claims the ALJ erred in his credibility determination. ECF No. 10. In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*. ECF No. 11.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing her credibility as it related to the limiting effects of her impairments and did not fully consider her subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In the opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. §

6

404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 21-24). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) Absence of restrictions on activities placed by physicians, (4) Plaintiff's work activity after the alleged onset date of disability, (5) Plaintiff's non compliance with medical treatment by continuing to smoke cigarettes. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's complaints of pain.

### B. Combination of Impairments

Plaintiff argues the ALJ erred by failing to consider all of her impairments in combination. However, under the facts in the present case and after a thorough review of the ALJ's opinion and the record in this case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2006). In the present action, in reviewing these claimed impairments, the ALJ stated Plaintiff "does not have an impairment or *combination* of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (Tr. 20, Finding 5) (emphasis added). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform less than the full range of sedentary work. (Tr. 21, Finding 6). The ALJ went on to state Plaintiff's RFC would not preclude

7

her from performing other work that exists in significant numbers in the national economy. (Tr. 25, Finding 11).

These statements are sufficient under Eighth Circuit precedent to establish that the ALJ properly considered the combined effect of a claimant's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination. Plaintiff has alleged she suffers from a number of impairments. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates the ALJ properly considered the combined effect of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of Plaintiff's impairments. *See Hajek,* 30 F.3d at 92.

### C. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

8

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ did not give proper weight to the opinions of Dr. Bilal Malik and Mary Swihart APRN. ECF No. 10, Pgs 7-10. Specifically, Plaintiff argues the ALJ erred in his treatment of their medical source statements dated October 13, 2014, and October 2, 2014, and submitted after the ALJ's decision. (Tr. 744-745). However, this court finds the ALJ did not err in the weight given to these opinions.

As previously mentioned, ALJ is not required to give controlling weight to the opinion of a treating physician if medically acceptable clinical and laboratory diagnostic techniques do not support the opinion or if the opinion is inconsistent with other substantial evidence in the record. Furthermore, Nurse Swihart's opinions are not allowed controlling weight as they are an "other treating source" and are not acceptable medical sources to establish an impairment. *Lacroix v. Barnhart* 465 F. 3d 881, 886 (8th Cir. 2006).

Neither Dr. Malik nor Nurse Swihart supported their opinions with any diagnostic testing or physical examination, and as a result they were based largely on Plaintiff's subjective complaints. (Tr. 744-745). Additionally, opinions regarding a Plaintiff's ability to work are not medical opinions and do not deserve special significance because such statements invade the province of the Commissioner to make the ultimate disability determination. *Ellis v. Barnhart*, 392 F. 3d 988, 994 (8th Cir. 2005).

The ALJ committed no error in his treatment of opinions from Dr. Malik and Nurse Swihart.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits

to Plaintiff, is supported by substantial evidence in the record.  This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **23rd day of May 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE